## UNITED STATE DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FRANK ADDONA | : | CIVIL ACTION NO. |
| | : | 3:13-cv-01616-RNC |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| PARKER HANNIFIN CORPORATION | : | |
| | : | |
| Defendant. | : | JANUARY 9, 2014 |

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO QUASH

### I. **INTRODUCTION**

This case arises out of the Defendant's termination of Plaintiff's employment in the plating department of the Defendant's facility in North Haven, Connecticut. The Plaintiff's employment was terminated by the Defendant notwithstanding an agreement by the Defendant to find alternatives to his termination within the Defendant's Company. The Defendant has also ignored its own written employment policies by permitting threats of violence in the workplace and by publishing and disseminating false statements about the Plaintiff during his term of employment with the Defendant.

### II. **STATEMENT OF LAW**

On October 1, 2013, the Plaintiff commenced this action, returnable to the Superior Court for the Judicial District of New Haven, at New Haven, Connecticut. Thereafter, the Defendant transferred the within action to Federal Court and filed its Answer timely on November 12, 2013.

After agreement between counsel on the substance of the Parties' Planning Meeting under Local Rule 16, the Defendant issued Supboenas under date of December 17, 2013, in which the Defendant subpoenaed three (3) of the Plaintiff's previous employers. These Subpoenas were subsequently withdrawn and new Subpoenas issued. The subject Subpoenas seek "the following records pertaining to Frank Addona's employment and resignation or separation from employment:

- disciplinary records;

- records identifying last rate of pay;

- date of hire;

- date employment ended and reason for leaving (i.e., termination, voluntarily or involuntarily, etc.) including any letters or notices of resignation or termination."

The undersigned and Defendant's Counsel have conferred regarding these Subpoenas, and the undersigned has no objection to the production of documents pertaining to date of hire, date of termination and last rate of pay. However, the balance of the production requests are still in dispute.

## III. ARGUMENT

The court has the power to issue an order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." FRCP, Rule 26(c).

The Plaintiff has standing to seek to quash a subpoena issued to a third party where the Plaintiff has a legitimate privacy interest in the documents sought. Chemical Bank v. Dana, 149 F.R.D. 11 (D.Conn. 1993) Cannata v. Wyndham Worldwide Corp., 2:10-CV-00068-PMP-LRL at p.4 (copy attached).

2

In the present case, the Defendant is on a "fishing expedition" to try to locate personnel records of the Plaintiff that it can bootstrap into defenses justifying the Plaintiff's employment termination with the Defendant. However, this is not permissible. Chamberlain v. Farmington Sav. Bank, 2007 WL 2786421 at p. 3-4 (D. Conn., Sept. 25, 2007) (quashing subpoena to Plaintiff's previous employers because "the Plaintiff's performance history is not relevant to the issue involved in the current case; rather, at issue is the Plaintiff's performance in his position with the Plaintiff.")

The Connecticut Supreme Court has stated that

> no [party] has the right to conduct a general "fishing expedition" into the personnel records of [another] ... Because discovery matters contained in a ... personnel file involve careful discrimination between material that relates to the issues involved and that which is irrelevant to these issues, the judicial authority should exercise its discretion in determining what matters should be disclosed ... [T]he question must be determined on a case by case basis according to the teachings of reason and judicial experience ..."

State v. Januszewski, 182 Conn. 142, 172-73 (1980), cert. den., 453 U.S. 922, 101 S. Ct. 3159, 692 L.Ed. 2d 1005 (1981).

The federal courts approach the issue on a similar basis. See Blount v. Wake Elec. Membership Corp., 162 F.R.D. 102 (ED NC 1993) (issue in case was whether employer failed to hire qualified workers, held, personnel file relating to training, experience and work record were discoverable); Matter of Hawaii Corp., 88 F.R.D. 518, 524 (D. Hawaii 1980) (Allegation pertaining to negligent hiring of auditing firm's employees, held, discovery of personnel records is permissible).

In In Re Sunrise Securities Litigation, the district court stated that "for ... personnel records to be clearly relevant, the moving parties must make specific allegations or some initial showing,

based on deposition testimony or other evidence, that (the employer) acted negligently in using particular employees on the ..... audits." Id. at 580.

In the present case, the issues are (1) whether the Defendant made a representation and/or implied agreement with the Plaintiff to find suitable alternatives to the termination of the Plaintiff's employment; (2) whether the Defendant failed to follow its own written employment manual; and (3) whether the Defendant published defamatory statements pertaining to the Plaintiff.

None of these issues implicate the Plaintiff's job performance or disciplinary records at his previous employers. Even assuming that all of the previous employers have lengthy disciplinary records, or substantial documents evidencing the reason that the Plaintiff's employment terminated, none of those documents have any relevance to the issues in this case, nor are they likely to lead to the discovery of admissible evidence.

The issue is not the Plaintiff's performance history elsewhere; rather, the sole issue is the employment relationship between the Plaintiff and Defendant.

Moreover, the Connecticut Courts have been loathe to allow document subpoenas without the attendant ability of counsel or the court to assert a claim of privilege, authenticity, privacy and the like, or to cross-examine the party producing the documents. See Carroll v. Carrol 2003 WL 21403892 (Conn. Super.) (copy attached) (court cited several cases where subpoenaed records were sent in lieu of a deposition, held, that it was improper for attorney to copy the records); Farren v. Farren, 2010 WL 2926219 (Conn. Super.) (copy attached) (plaintiff did not have the opportunity to view subpoenaed records because employer was excused from appearing, held, sanctions issued against defense counsel for abuse of subpoena power).

4

Finally, the Subpoenas are overly broad inasmuch as there is no time limitation imposed on the subpoenaed documents.   While records of employment most immediately preceding the Plaintiff's employment with the Defendant may have some arguable validity in terms of the Plaintiff's hourly rate of pay, records more than a year removed from the Plaintiff's employment with Defendant have no significance.

## IV.  CONCLUSION

Inasmuch as there is no support for the subpoenaed records being relevant to the issue in this case, or likely to lead to the discovery of admissible evidence, and further since the subject subpoenas are overly broad and by their terms include materials that are not calculated to lead to the discovery of admissible evidence, the Plaintiff requests this court to quash the subpoenas issued and served upon Marlin Firearms, O.F. Mossberg and Sons, Inc. and Sargent Manufacturing.

THE PLAINTIFF,
FRANK ADDONA

BY: /s/ Jeffrey  M.  Sachs
   JEFFREY M. SACHS (CT09364)
   BILLER SACHS RAIO & ZITO
   2750 Whitney Avenue
   Hamden, CT 06518
   Telephone:  203-281-1717
   Fax:  203-281-7887
   lawsachs@hotmail.com

**<u>CERTIFICATION</u>**

I hereby certify that on January 9, 2014, the foregoing Motion to Quash and Memorandum of Law in Support of Motion to Quash was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this document through the court's CM/ECF System.

*/s/ Jeffrey M. Sachs*
JEFFREY M. SACHS

Westlaw.

Not Reported in A.2d, 2003 WL 21403892 (Conn.Super.), 35 Conn. L. Rptr. 10
**(Cite as: 2003 WL 21403892 (Conn.Super.))**

C

UNPUBLISHED OPINION. CHECK COURT
RULES BEFORE CITING.

Superior Court of Connecticut,
Judicial District of Middlesex.
Matthew CARROLL,
v.
Christine CARROL (Rugar).

No. FA990090676S.
June 10, 2003.

Stephen Barber, Cromwell, CT, for Matthew Carroll.

Lloyd Frauenglass, Frauenglass & Eisenberg, Glastonbury, CT, Faccadio Lisa A. PC, Middletown, CT, and Baio & Associates Law Office PC, Rocky Hill, CT, for Christine Carroll.

AURIGEMMA, J.

*1 The defendant, Christine Rugar, has moved to quash the subpoena directed at her husband's former employer and has moved to prevent the plaintiff from using those records which he illegally obtained.

*Factual and Procedural Background*

A motion to modify custody, primary residence, child support and visitation of the parties' minor child, Harley Carroll, was sought by the plaintiff. Prior to a hearing scheduled in this court on March 24, 2003, a subpoena duces tecum was served by the plaintiff's counsel on Ducci Electrical Contractors, a former employer of the defendant's current husband, Glen Rugar. A representative of the former employer, Thomas B. Carew, presented the employment records to plaintiff's counsel, in the hallway at the courthouse, prior to the hearing. After reviewing the records,

plaintiff's counsel informed defendant's counsel that she intended to use the records at the hearing. Defendant then moved to have the records sealed by the court. The motion to seal was granted and the parties were requested to submit briefs on the plaintiff's attorneys alleged abuse of subpoena power to improperly obtain employment records of a non-party.

*Discussion of Law and Ruling*

Connecticut General Statute § 31-128f provides in relevant part:

No individually identifiable information contained in the personnel file or medical records of any employee shall be disclosed by an employer to any person or entity not employed by or affiliated with the employer without the written authorization of such employee except where the information is limited to the verification of dates of employment and the employee's title or position and wage or salary or where the disclosure is made: (1) To a third party that maintains or prepares employment records or performs other employment-related services for the employer; (2) pursuant to a lawfully issued administrative summons or judicial order, including a search warrant or subpoena, or in response to a government audit or the investigation or defense of personnel-related complaints against the employer; (3) pursuant to a request by a law enforcement agency for an employee's home address and dates of his attendance at work; (4) in response to an apparent medical emergency or to apprise the employee's physician of a medical condition of which the employee may not be aware; (5) to comply with federal, state or local laws or regulations; or (6) where the information is disseminated pursuant to the terms of a collective bargaining agreement.

Mr. Rugar, not a party to this action, did not consent to disclosure of his employment records.

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in A.2d, 2003 WL 21403892 (Conn.Super.), 35 Conn. L. Rptr. 10
(Cite as: 2003 WL 21403892 (Conn.Super.))

Therefore, they should not have been disclosed by his former employer. While his former employer was apparently unaware of § 31-128f, the plaintiff's attorney should have been aware of the existence of that statute and, therefore, should have realized that it was improper for her to look at Mr. Rugar's employment records. She also should have been aware that the power she enjoys as an officer of the Superior Court to subpoena records to a court proceeding is abused if she obtains those records on an *ex parte* basis rather than instructing the party to whom she has directed the subpoena to bring those records into court so that the judge can prevent any obvious violations, such as the one which occurred in this case.

**\*2** The familiar process by which the production of documents in the hands of third persons is secured is the subpoena duces tecum. One upon whom such process is served is bound to produce the required document. *The production thus compelled does not, however, signify a delivery of the papers into the hands of the party calling for their production or of his counsel, or a submission of them to his examination; neither does such a consequence necessarily follow.* The production which the possessor of the papers is required to make consists of bringing them into court and putting them into its control. *Having by this act complied with the order of production, the producer may ask the court to pass upon any claim of privilege, or to make a personal inspection of the document or documents to determine their relevancy or their relevant parts before their submission to counsel; and to make any proper order for the protection, in such submission, of the interests of the producer, as, for example, by withholding from the view of counsel any irrelevant matter which he ought not to be permitted to examine.*

*Banks v. Connecticut Ry & Lighting Co.,* 79 Conn. 116, 118-19, 64 A. 14 (1906) (emphasis added).

Even if Mr. Rugar's employment records had not been protected from disclosure by § 31-128f the plaintiff's counsel should have not accepted these records from the non-party witness unless she was in court in the presence of the judge and opposing counsel. The power to issue a subpoena duces tecum is not the equivalent of an attorney's license to obtain "discovery" from a non-party. Where the subpoena power has been abused in this fashion, courts have imposed sanctions, including preclusion of the improperly obtained documents, monetary sanctions, and disqualification of the offending attorney.

In *Martini v. Shelter Rock Realty,* 1996 Ct.Sup. 459, 15 Conn. L. Rptr. 610, No. 113425, Superior Court, Judicial District of Waterbury, Judge Pellegrino ruled that where an attorney served a subpoena duces tecum on a physician in connection with a deposition, and the deposition did not take place, but the physician sent the subpoenaed records to the attorney, that it was improper for the attorney to copy the records. He stopped short of granting the plaintiff's motion to disqualify the offending attorney because the attorney averred that he had sealed the records without inspecting them. However, Judge Pellegrino did entertain the plaintiff's motion for monetary sanctions.

In *Dawid v. Alves,* Superior Court, Judicial District of Fairfield at Bridgeport, No. 0333683 (May 19, 1997), Judge Rush held that it was not appropriate for counsel to excuse a plaintiff's doctor in return for forwarding medical records. In *McLaughlin v. McNeil,* Superior Court, Judicial District of Fairfield at Bridgeport, No. 0328787 (July 23, 1998), Judge Ford granted a motion to disqualify defense counsel, a motion for protective order and a motion for sanctions when counsel cancelled a deposition after receipt of subpoenaed records.

**\*3** In *Smith v. Douglass,* Superior Court, Judicial District of Fairfield at Bridgeport, No. 0336713 (February 6, 1999), Judge Melville disqualified defense counsel for improperly obtaining records *ex parte* by means of a subpoena duces tecum, stating that the practice was "reprehensible and not in our

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in A.2d, 2003 WL 21403892 (Conn.Super.), 35 Conn. L. Rptr. 10
**(Cite as: 2003 WL 21403892 (Conn.Super.))**

rules of practice. And for that reason I think it is important that the message get out to all people so that his situation does not occur again."

It is particularly disturbing to the court that the plaintiff's counsel apparently still does not understand the magnitude of her violation. She has not addressed her abuse of her subpoena power, or the privilege created by § 31-128f. Instead, even after having been alerted to the problem, and having been afforded time to write a memorandum, plaintiff's counsel addresses only the issue of the relevance of the improperly obtained records. She has completely missed the point. Information can be extremely relevant but cannot be used in a court proceeding if it is protected by a privilege.

In *Falco v. Institute of Living,* 254 Conn. 321, 757 A.2d 571 (2000), the plaintiff brought a bill of discovery seeking to compel the defendant psychiatric hospital to disclose the name, last known address and social security number of a patient who allegedly had attacked him during a group meeting at the hospital. The plaintiff had sought the identifying information from the defendant in order to bring a civil action against the patient before the expiration of the statute of limitations. The trial court granted the bill of discovery and the Appellate Court affirmed that order. The Supreme Court reversed, holding that although the information sought was certainly relevant even crucial, to the plaintiff's potential case, the privilege established by Connecticut General Statutes § 52-146d did not permit disclosure of the information.

In *Olson v. Accessory Controls & Equipment Corp.,* 254 Conn. 145, 757 A.2d 14 (2000), the plaintiff sued his former employer, claiming that his employment had been terminated in retaliation for information he had provided concerning the waste disposal practices of his employer. The information at issue pertained to a report by an environmental engineering company which had been authored at the request of the defendant's attorney. Even though the disclosure and use of the report was crucial to the plaintiff's case, the Connecticut Supreme Court held the report was protected by the attorney-client privilege, and, therefore could not be used by the plaintiff Consequently, the plaintiff's case was dismissed.

The defendant has moved to quash the subpoena for the employment records of Glen Rugar. That motion is granted. Unfortunately, the improper conduct by the plaintiff's attorney has rendered the motion to quash an ineffective remedy in this case. The defendant has also filed a motion in limine to prevent the use of any information contained in the subject employment records and to preclude any testimony concerning the information contained in the records at any hearing to modify custody, primary residence, child support or visitation. The court also grants this motion and orders that the plaintiff may not use any information contained in the employment records and may not offer any testimony concerning information contained in those records, which remain under seal in the file. The defendant also moved for monetary sanctions. The court will hold a hearing to determine the amount of attorneys fees that the defendant has incurred in connection with the improper use of the subpoena power.

*\*4 The defendant has also moved to disqualify the plaintiff's attorney. Disqualification of counsel is a remedy that is sometimes used to guard against the danger of inadvertent use of confidential information. *American Heritage Agency, Inc. v. Gelinas,* 62 Conn .App. 711, 725, 774 A.2d 220 (2001), citing *Silver Chrysler Plymouth, Inc. v. Chrysler Motors Corporation,* 518 F.2d 751, 754 (2d Cir.1975).

In disqualification matters, however, we must be "solicitous of a client's right freely to choose his counsel"; *Government of India v. Cook Industries, Inc.,* 569 F.2d 737, 739 (2d Cir.1978); mindful of the fact that a client whose attorney is disqualified may suffer the loss of time and money in finding new counsel and "may lose the benefit of its long-

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in A.2d, 2003 WL 21403892 (Conn.Super.), 35 Conn. L. Rptr. 10
**(Cite as: 2003 WL 21403892 (Conn.Super.))**

time counsel's specialized knowledge of its operations." *Id.* The competing interests at stake in the motion to disqualify, therefore, are: (1) the [plaintiff's] interest in protecting confidential information; (2) the [defendant's] interest in freely selecting counsel of [her] choice; and (3) the public's interest in the scrupulous administration of justice. *Goldenberg v. Corporate Air, Inc.,* 189 Conn. 504, 507,457 A.2d 296 (1983), overruled in part, *Burger & Burger, Inc. v. Murren,* 202 Conn. 660, 522 A.2d 812 (1987).

*American Heritage Agency Inc. v. Gelinas, supra.*

The court's ruling precluding the use of the information in Mr. Rugar's employment file should sufficiently sanction the plaintiff without the need to impose the drastic remedy of disqualification of his counsel. One factor in ordering disqualification of counsel is counsel's refusal to acknowledge the wrongful nature of her conduct. *Briggs v. Mcweeny,* 260 Conn. 296, 334, 796 A.2d 516 (2002). Counsel's further attempted use of the information in Mr. Rugar's employment file may be deemed to evidence a refusal to acknowledge the wrongful nature of counsel's conduct and may result in the court granting a future motion to disqualify the plaintiff's counsel.

Conn.Super.,2003.
Carroll v. Carrol
Not Reported in A.2d, 2003 WL 21403892 (Conn.Super.), 35 Conn. L. Rptr. 10

END OF DOCUMENT

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw.

Not Reported in A.2d, 2010 WL 2926219 (Conn.Super.)
**(Cite as: 2010 WL 2926219 (Conn.Super.))**

**H**
Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT
RULES BEFORE CITING.

Superior Court of Connecticut,
Judicial District of Stamford-Norwalk.
Mary Margaret FARREN
v.
J. Michael FARREN.

No. FSTCV105013320S.
June 3, 2010.

BRAZZEL-MASSARO, J.
BACKGROUND
**\*1** The instant action was scheduled for a hearing
concerning the entering of a prejudgment remedy. The
court, Judge Adams, entered an ex parte prejudgment
remedy for the plaintiff on January 20, 2010. The
defendant filed a motion to amend the prejudgment
remedy and a hearing was scheduled for March 22,
2010. Prior to the hearing, counsel for the defendant
served the employer of the plaintiff with a subpoena
duces tecum for records of Skadden, Arps, Slate,
Meagher, and Flom, LLC seeking the dates of plain-
tiff's employment, dates of her use of various leave
benefits provided through the employer, her wage
history, and all written policies, procedures, manuals
or other documents regarding employee short-term
and/or long-term disability benefits.

As a part of the subpoena, defense counsel in-
cluded a statement that: "This subpoena may be sat-
isfied by forwarding certified copies of the requested
documents to the law offices of Moynahan and Min-
nella, LLC, 141 East Main Street, Waterbury, Ct ..."

As a result of the instructions in the subpoena and
discussions with defense counsel, employment rec-
ords were sent directly to the counsel for the defend-
ant. The plaintiff did not have the opportunity to view
the records as they were brought to the court because
the employer was excused from appearing in response
to the subpoena by defense counsel. All of the records
were sealed by defense counsel and delivered to the
court as a result of the motion for sanctions filed by the
plaintiff concerning these records and defense coun-
sel's actions.

This court heard argument of the parties and ruled
that the defendant's request on the subpoena and
thereafter receipt of the documents by defense counsel
outside of the scope of the subpoena power was im-
proper.

This court did not sanction the defendant's coun-
sel as requested by the plaintiff by precluding intro-
duction of the documents into testimony or evidence
or ordering the return of the documents immediately.
However, the court did permit counsel to argue that a
sanction of attorney fees for the motion and memo-
randum should be awarded. Counsel for the plaintiff
submitted an affidavit and counsel for the defendant
has submitted a memorandum in opposition to the
award of attorney fees. The plaintiff has also submit-
ted a reply brief in support of their request for attorney
fees.

DISCUSSION
The Supreme Court has remarked that "[a] court
has few duties of a more delicate nature than that of
fixing counsel fees." (Internal quotation marks omit-
ted.) *Schoonmaker v. Lawrence Brunch, Inc.,* 265
Conn. 210, 258 (2003). This court must address that
delicate task.

"The amount of attorneys fees to be awarded rests

Not Reported in A.2d, 2010 WL 2926219 (Conn.Super.)
**(Cite as: 2010 WL 2926219 (Conn.Super.))**

in the sound discretion of the trial court and will not be disturbed on appeal unless the trial court has abused its discretion ... Sound discretion, by definition, means a discretion that is not exercised arbitrarily or willfully, but with regard to what is right and equitable under the circumstances and the law ... Judicial discretion is always a legal discretion, exercised according to the recognized principles of equity. The trial court's discretion imports something more than leeway in decision making and should be exercised in conformity with the spirit of the law and should not impede or defeat the ends of substantial · justice." (Citation omitted; internal quotation marks omitted.) *Rodriquez v. Ancona,* 88 Conn.App. 193, 201-02, 868 A.2d 807 (2005).

**\*2** "It is axiomatic that the determination of reasonableness of attorney's fees appropriately takes into consideration a range of factors. It is well established that a trial court calculating reasonable attorneys fees makes its determination while considering the factors set forth under Rule 1.5(a) of the Rules of Professional Conduct. These factors include the time and labor spent by the attorneys, the novelty and complexity of the legal issues, fees customarily charged in the same locality for similar services, the lawyer's experience and ability, relevant time limitations, the magnitude of the case and the results obtained, the nature and length of the lawyer-client relationship, and whether the fee is fixed or contingent. When awarding attorney fees, the court must consider all of the factors and not seize on one to the exclusion of others." (Citation omitted; internal quotation marks omitted.) *Rodriguez v. Ancona, supra,* at 201-02.

"We have long held that there is an undisputed requirement that the reasonableness of attorneys fees and costs must be proven by an appropriate evidentiary showing ... We have also noted that courts have a general knowledge of what would be reasonable compensation for services which are fairly stated and described ... and that courts may rely on their general knowledge of what has occurred at the proceeding

before them to supply evidence in support of an award of attorneys fees." (Citations omitted, internal quotation marks omitted.) *Smith v. Snyder,* 267 Conn. 456, 471, 839 A.2d 589 (2004).

"[T]he initial estimate of a reasonable attorneys fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate ... The courts may then adjust this lodestar calculation by other factors ... For guidance in adjusting attorneys fees, Connecticut courts have adopted the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir.1974). The *Johnson* factors are (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee for similar work in the community, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation and ability of the attorneys, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases." (Citations omitted; internal quotation marks omitted.) *Ernst v. Deere & Co.,* 92 Conn.App. 575, 576, 886 A.2d 845 (2005).

The "list of factors [the *Johnson* factors] is not ... exclusive. The court may assess the reasonableness of the fees requested using any number of factors." (Internal quotation marks omitted.) *Id.,* at 576 n. 3. Similarly, a contract clause providing for reimbursement of incurred fees permits recovery upon the presentation of an attorney's bill, so long as that bill is not unreasonable upon its face and has not been shown to be unreasonable by countervailing evidence or by the exercise of the trier's own expert judgment. *N.E. Leasing v. Paoletta,* 89 Conn.App. 766, 778, 877 A.2d 840 (2005), citing *Storm Associates, Inc. v. Baumgold,* 186 Conn. 237, 246, 440 A.2d 306 (1982).

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in A.2d, 2010 WL 2926219 (Conn.Super.)
(Cite as: 2010 WL 2926219 (Conn.Super.))

*3 Counsel for the plaintiff has submitted an affidavit signed by Attorney Wayne Effron setting forth billing hours for Attorney Reuben Midler, Attorney Pyetranker and Attorney Zessman for the motion and brief in relation to the requested sanctions in this matter. The affidavit requests attorney fees of $1,207.50 for the work in connection with the motion. Counsel for the defendant has filed a brief in opposition, asserting that the plaintiff has not properly submitted the time and work expended by plaintiff's counsel. While the court agrees in part with the defendant's position that the award of attorney fees as a sanction is punitive and not tied to a fee agreement, the court also agrees that the guidance offered as to calculation of fees in accordance with the *Johnson* court is also appropriate. Considering these arguments the court has examined the time and fees requested by the plaintiff. The chart of the plaintiff offers very little as to the work of the three attorneys for whom the plaintiff seeks fees. The hourly rate submitted for Attorney Midler is well beyond the fees awarded in this district for civil litigation counsel. Additionally, the work which was the subject of the motion is relatively straightforward without any specific expertise required to handle the matter. Although the attorneys for the plaintiff may garner higher fees from their clients involved in family matters, the agreed upon fees are well in excess of those recognized in civil litigation. In *Mariculture v. Under-Lloyds of London,* Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. CV 98-1064762S (June 4, 2002, Tierney, J.), the court awarded a rate of $375 per hour for a commercial litigator with 24 years experience. In *Heussner v. Heussner,* Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV 05-4011532S (June 26, 2007, Matasavage, J.) awarded $375 per hour for approved experienced litigator in appeal from Probate. In the recent case of *Parker v. Knauf,* Superior Court, judicial district of Stamford/Norwalk, Docket No. CV 08 5007670 (March 3, 2010, Brazzel-Massaro, J.), this court awarded fees of $380 per hour. These amounts appear consistent with a high quality and well experienced litigation counsel in this court. Even counsel for the defendant when asked about his hourly rate indicated that his fee is in the neighborhood of $400 per hour.

Given the nature of this matter and the relatively minimal amount of time, the new representation of this client, the desirability of the case and similar cases which involve serious physical and emotional injuries, an hourly rate of $400 is appropriate for an attorney with considerable experience. In this regard, the time for Attorney Midler at $400 would be an appropriate attorney fee for the work performed. Therefore at a fee of $400 for 1.7 hours for his work, the court awards a fee of $680 for the motion for sanctions.

The attorney fees for the other counsel are not supported by an appropriate affidavit and the court cannot determine based upon the affidavit and the complete lack of experience or background of each of the attorneys what would be an appropriate fee, if any. It should be noted that during the course of the argument as to the submission, counsel for the plaintiff did indicate that Attorney Zessman has been working only seven months as counsel. This background makes it difficult to assess any attorney fees for work which the court also finds to be unnecessary for this motion. Therefore, the court will not award fees for the time listed in Attorney Effron's affidavit as to either of the associates.

CONCLUSION

*4 Based upon the above, the court awards attorney fees in the amount of $680. The defendant is to pay the attorney fees on or before June 25, 2010.

Conn.Super.,2010.
Farren v. Farren
Not Reported in A.2d, 2010 WL 2926219 (Conn.Super.)

END OF DOCUMENT

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in A.2d, 2010 WL 2926219 (Conn.Super.)
**(Cite as: 2010 WL 2926219 (Conn.Super.))**

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

1
2                    **UNITED STATES DISTRICT COURT**
3                           **DISTRICT OF NEVADA**
4                                  * * *
5   GENINE CANNATA, *et al.*,                )
6                      Plaintiffs,           )
7   v.                                       )        2:10-cv-00068-PMP-LRL
                                             )
8   WYNDHAM WORLDWIDE                        )        **O R D E R**
9   CORPORATION, *et al.*,                   )
                                             )
10                     Defendants.           )
11

12       This matter comes before the court on plaintiffs' Motion for Protective Order and to Quash
13  Third Party Subpoenas (#89).  The court has reviewed the motion (#89) and Exhibits to the Motion
14  (##91, 92, 93); plaintiffs' Declaration (#90) and Erratas (##95, 96); defendants' Sealed Response
15  (#105), Opposition (#109), Errata (#122), and Notice (#124); and plaintiffs' Reply (#126).  For the
    following reasons, plaintiffs' motion will be granted.
16
17       Defendants removed this sex discrimination in employment action to federal court on January
18  19, 2010.  Plaintiffs are ten former Wyndham Worldwide Corporation ("Wyndham") employees.  On
19  July 26, 2010, defendant Wyndham served identical subpoenas on twenty-one previous and current
20  employers of the plaintiffs. The July 26 subpoenas were issued without notifying plaintiffs' counsel.
    The subpoena provides:
21
22          Please produce any and all records in your possession, custody and/or control that refer,
            relate, or pertain to [plaintiff], including, but not limited to, the entire personnel file,
23          application, resume, payroll records, performance evaluations, correspondence, notes,
            and reasons for termination, which you have in your possess, control or custody.
24  Exh. 1 to Mot. (#89).

25       By letter dated July 28, 2010, plaintiffs objected to the subpoenas on relevance and other
26  grounds. Exh. 4 to Mot. (#89). After a telephonic conference on August 6, 2010, the parties agreed that

1 | Wyndham would sequester any subpoenaed documents it received while the parties attempted to resolve
2 | the matter without court intervention. Exh. 6 to Mot. (#89). On August 17, 2010, Wyndham provided
3 | plaintiffs with information regarding the documents they had collected. On August 19, 2010, plaintiffs
4 | sent a fifteen-page letter with specific objections to the subpoena and citation to legal authority. On
5 | December 3, 2010, Wyndham responded and set forth its position that the documents are discoverable.

6 | The parties engaged in another teleconference on January 13, 2011, to discuss a date by which
7 | Wyndham could view the documents. Defense counsel memorialized the conference in a letter sent to
8 | plaintiffs' counsel on January 18, 2011. Exh. K to Opp'n (#109). The letter indicated that the parties
9 | had agreed to allow Wyndham to inspect the sequestered documents on January 27, 2011. Plaintiffs'
10 | counsel, newly brought into the case to replace plaintiffs' original counsel, recalled the exchange
11 | differently. She thought the parties had agreed to allow plaintiffs until January 27, 2011 to amend
12 | discovery pertinent to mitigation of damages; but the date by which Wyndham could view the
13 | sequestered documents was to be set with an eye toward plaintiffs' lead counsel preparing for a month
14 | long trial and also needing time to familiarize herself with the issues surrounding the third-party
15 | subpoenas. Plaintiffs explained their understanding of the agreement in a letter dated January 24, 2011,
16 | and asked Wyndham to hold off on reviewing the documents for an additional week.

17 | On January 26, 2011, defense counsel informed plaintiffs' counsel that Wyndham would not
18 | agree to the extension and would open the documents the following day. Exh. 14 to Mot. (#89). In
19 | response plaintiffs informed Wyndham that they would file a motion for protective order on or about
20 | February 3, 2011. Exh. 15 to Mot. (#89). On January 27, 2011, defense counsel agreed to "continue
21 | to sequester the documents until February 3 on the condition that [plaintiffs] file an appropriate motion
22 | on an emergency basis." Exh. 16 to Mot. (#89).

23 | The following day, Friday, January 28, 2011, Wyndham filed notice that it would serve the
24 | subpoena on forty-five additional past and present employers of the plaintiffs on February 4, 2011, for
25 | a total of sixty-six subpoenas. On Monday, February 2, 2011, counsel exchanged email on the issue.
26 | Wyndham indicated that it intended to review the sequestered documents the next day. Plaintiffs'

1  counsel attempted to contact defense counsel but was unable to make contact.  Plaintiffs filed their

2  Emergency Motion for Protective Order and to Quash Third-Party Subpoenas the next day, February

3  3, 2011.  Also on that day, counsel for Wyndham emailed plaintiffs' counsel representing that

4  Wyndham would continue to sequester the documents until there is a resolution on the issue.  Exh. Q

5  to Opp'n (#109).

6   Plaintiffs seek an order of the court to quash all sixty-six third-party subpoenas on grounds that

7  the subpoenas are over broad in scope of information sought, seek information that is irrelevant to the

8  case, request information that is already possessed by defendant, are designed to harass and embarrass,

9  and seek information that is protected as private.  Wyndham contends that the subpoenas are not over

10  broad and seek relevant information: 1) because plaintiff's place their pre-Wyndham employment at

11  issue; 2) because the after-acquired evidence doctrine permits it; 3) to demonstrate plaintiffs' mitigation

12  efforts or lack thereof; 4) to show that plaintiffs are not credible; and 5) to demonstrate plaintiffs' true

13  motivations for separating from Wyndham.  Opp'n (#109) at 12.

14  **Discussion**

15   The court has broad discretion in controlling discovery. *Little v. City of Seattle*, 863 F.2d 681,

16  685 (9th Cir. 1988).  "Unless otherwise limited by court order . . . [p]arties may obtain discovery

17  regarding any nonprivileged matter that is relevant to any party's claim or defense."  Rule 26(b)(1).  A

18  party's right to obtain material pursuant to a Rule 45 subpoena to a third party is as broad as otherwise

19  permitted under the discovery rules.  *See e.g.* Charles Wright & Alan Miller, *Federal Practice and

20  Procedure* § 2452 (3d. ed. 2008).  Relevance within the meaning of Rule 26(b)(1) is considerably

21  broader than relevance for trial purposes. *See Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978)

22  (citation omitted).  "Relevant information need not be admissible at the trial if the discovery appears

23  reasonably calculated to lead to the discovery of admissible evidence."  Rule 26(b)(1); *see also

24  Oppenheimer Fund*, 437 U.S. at 351.  Nevertheless, the court has the power to issue an order to protect

25  a party from "annoyance, embarrassment, oppression, or undue burden or expense" in connection with

26  discovery requests.  Rule 26(c).  The party seeking the protective order must show good cause. *Id.*

3

1       A plaintiff has standing to seek to quash a subpoena issued to a third party where the plaintiff

2   asserts a legitimate privacy interest in the documents sought. *See Abu v. Piramco SEA-TAC Inc.*, 2009

3   WL 279036 at \*1 (W.D. Wash. Feb. 5, 2009) (citing *Maxwell v. Health Ctr. of Lake City*, 2006 WL

4   1627020 (M.D. Fla. June 6, 2006)).   Generally, employment records from separate employers are not

5   discoverable due to their highly private nature absent a specific showing by a defendant as to their

6   relevance.  *Paananen v. Cellco Partnership*, 2009 WL 2057048 at \*3 (W.D. Wash. July 14, 2009);

7   *Woods v. Fresnius Med. Care Group of N.A.*, 2008 WL 151836 (S.D. Ind. Jan. 16, 2008); *Chamberlain*

8   *v. Farmington Sav. Bank*, 2007 WL 2786421 at \*1 (D. Conn. Sep. 25, 2007) ("The plaintiff clearly has

9   a personal right with respect to the information contained in his employment records.").   Accordingly,

10   while certain pre- and post-employment records may be highly relevant to issues such as mitigation and

11   computation of damages, *Walker v. Nw. Airlines Corp.*, 2002 WL 32539635 at \*2 (D. Minn. Oct. 28,

12   2002), courts have quashed subpoenas to obtain a plaintiff's entire personnel file without limitation to

13   certain categories of information as facially overbroad and/or not reasonably calculated to lead to the

14   discovery of admissible evidence. *See Lewin v. Nackard*, 2010 WL 4607402 at \*1 (D. Ariz. Nov. 4,

15   2010) ("defendant's request to obtain plaintiff's entire personnel file from five former employers is, on

16   its face, overbroad and not reasonably calculated to lead to the discovery of admissible evidence");

17   *Maxwell*, 2006 WL 1627020 at \*3 (finding "while some of the documents in Plaintiff's personnel files

18   may reasonably lead to admissible evidence, the blanket requests for her entire personnel file are overly

19   broad").

20       Wyndham's subpoena goes beyond demanding even a plaintiff's entire personnel file.  It seeks

21   "any and all records" from a given plaintiff's former and current employers. *Cf. Abu*, 2009 WL 279036

22   (denying motion to quash subpoena and specifically noting that the subpoena demanded categories of

23   information relevant to the claims and defenses).   Indeed, the subpoena seeks information from

24   employers dating back as far as the mid-1980s. *Cf. Graham v. Casey's General Stores, Inc.*, 206 F.R.D.

25   251, 255 (S.D. Ind. 2002) (upholding subpoena where "defendant did not employ a shotgun approach

26   in serving the subpoenas...but rather properly limited the subpoenas to the employer immediately before

1  and after Graham's employment with Defendant").

2      Wyndham contends that because plaintiffs have put their pre-Wyndham employment at issue,

3  it is entitled to broad discovery. This contention is unsupported by legal authority. *See Woods*, 2008

4  WL 151836 at * 1 (rejecting defendant's contention that plaintiff had put her entire employment history

5  at issue, "but rather only her employment with the Defendant"). That plaintiffs' Complaint includes

6  statements that they were good employees does not, in itself, open the door to unfettered discovery of

7  every file kept by every current and former employer of a plaintiff who Wyndham can locate. While

8  relevance in the discovery context is broad, Wyndham is still required to craft its requests in a way

9  "calculated to lead to the discovery of admissible evidence." Rule 26(b)(1).

10      Wyndham next argues that subpoenas to post-Wyndham employers will tend to reveal

11  information regarding mitigation of damages. While employment records related to plaintiffs'

12  employers subsequent to their departure from Wyndham may be relevant to mitigation, relevance is not

13  the only factor that the court must consider when balancing the privacy concerns of the objecting party.

14  Plaintiffs have demonstrated that Wyndham possesses information relevant to the issue of mitigation

15  of damages, including wage and tax records, unemployment insurance compensation records, job

16  applications, and pay stubs among other things. *See* Exh. 20 to Mot. (#95); *see Paananen*, 2009 WL

17  2057048 at *3. Items such as missing earning statements and 2010 tax information for individual

18  plaintiffs, *see* Opp'n (#109) at 22, can be obtained by less intrusive means than a request to an employer

19  for any and all records relating to a plaintiff.

20      Nor does Wyndham's after-acquired evidence defense entitle it to further discovery. The after-

21  acquired evidence defense can limit recovery of wages if an employer later learns of wrongdoing that

22  would have led to a legitimate discharge had the employer known about it. *McKennon v. Nashville*

23  *Banner Publ'g Co.*, 513 U.S. 352, 362 (1995). Courts generally agree, however, that this defense

24  "cannot be used to pursue discovery in the absence of some basis for believing that after-acquired

25  evidence of wrong-doing will be revealed." *Chamberlain*, 2007 WL 2786421, at *2; *see also Rivera v.*

26  *NIBCO, Inc.*, 364 F.3d 1057, 1071-72 (9th Cir. 2004); *Maxwell*, 2006 WL 1627020, at *5. Rather, a

1    defendant "must have some pre-existing basis to believe that after-acquired evidence exists before it can

2    take additional discovery." *Liles v. Stuart Weitzman LLC*, 2010 WL 1839229 at *5 (S.D. Fla. May 6,

3    2010) (quoting *Maxwell, supra* at *5); *see also Rivera*, 364 F.3d at 1072. At this point the record does

4    not indicate that disclosure of the subpoenaed documents is likely to reveal such evidence of

5    wrong-doing.

6          Wyndham's arguments regarding relevance of the subpoenas to plaintiffs' credibility likewise

7    fail. Absent some preliminary showing that the credibility of a plaintiff is at issue, this argument may

8    not serve as an independent basis for delving into private employment records. *Compare Graham*, 206

9    F.R.D. at 255 (explaining that plaintiff's untruthful statements to her prior employer could be relevant

10   to her credibility) *with Chamberlain*, 2007 WL 2786421 (granting motion to quash where defendant had

11   not shown that plaintiff had misrepresented information in the litigation); *see also Woods, supra* at *2

12   ("Defendant points to nothing that indicates that the Plaintiff was untruthful to the Defendant or her

13   other employers; rather, the Defendant simple wants to "fish around" in order to see what it might

14   uncover."). Plaintiff Wilk's failure to report her association with the online sale of men's underwear

15   is not enough, on its own, to establish that she has misrepresented pertinent information in this litigation

16   or to a former employer. *See* Opp'n (#109) at 17. Nor does plaintiffs Davis, Banks, and Sutherland's

17   failure to disclose the instant lawsuit to bankruptcy court, Opp'n (#109) at 18, tend to show that they

18   were not credible with regard to their former or current employers. Wyndham has not made the

19   requisite preliminary showing of untruthfulness or misrepresentation to permit discovery on this basis.

20         Wyndham next contends that information related to past performance in employment is germane

21   to plaintiffs' failure to promote claims. Whether a plaintiff performed poorly in work preceding

22   employment with Wyndham does not tend to reveal how a plaintiff performed in her job at Wyndham.

23   *See Liles*, 2010 WL 1839229 at * 3 ("the plaintiff's performance history is not relevant to the issues

24   involved in the current case; rather, at issue is the plaintiff's performance in his position with the

25   defendant."); *Woods, supra* at *2 (in failure to promote case, "Any consideration by the Defendant of

26   the Plaintiff's experience had to be based upon the information that the Defendant had at the time it

6

1   made the decision not to promote her. Therefore, it is completely irrelevant what her actual experience

2   was; what is relevant is what the Defendant believed it to be at the time."). With regard to calculating

3   backpay, plaintiffs correctly point out that the calculation of backpay damages would be based on what

4   the plaintiffs earned in comparison to their male counterparts *while at Wyndham*. Plaintiffs'

5   compensation before or after working at Wyndham is not relevant to the calculation.

6          Accordingly, and for good cause shown,

7          IT IS ORDERED that plaintiffs' Motion for Protective Order and to Quash Third Party

8   Subpoenas (#89) is granted. The fifty-six subpoenas, dated July 26, 2010 and February 4, 2011, are

9   hereby quashed.

10         DATED this 31st day of March, 2011.

11

12                                          _____

13                                          **LAWRENCE R. LEAVITT**
                                            **UNITED STATES MAGISTRATE JUDGE**

14

15

16

17

18

19

20

21

22

23

24

25

26

                                            7

# Ogletree
# Deakins

**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**

*Attorneys at Law*

127 Public Square
4130 Key Tower
Cleveland, OH 44114
Telephone: 216.241.6100
Facsimile: 216.357.4733
www.ogletreedeakins.com

Amanda T. Quan
216.274.6905
amanda.quan@ogletreedeakins.com

January 2, 2014

**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

Marlin Firearms
c/o CT Corporation System
One Corporate Center
Hartford, CT  06103-3220

RE:   *Frank Addona v. Parker Hannifin Corporation*
      United States District Court for the District of Connecticut
      Case No. 3:13-cv-01616

Dear Sir or Madam:

This firm represents Parker Hannifin Corporation in connection with the referenced matter. Enclosed is a subpoena for records relating to Plaintiff Frank Addona (believed to be a former employee of Marlin Firearms). We will cover any copy charges that you may incur in copying the records requested in the subpoena. Please send an invoice along with the requested records to my attention at the above-listed address.

Should you have any questions, please do not hesitate to contact me at (216) 274-6905.

Very truly yours,

Amanda T. Quan

ATQ:vls
Enclosure

cc:   Jeffrey Sachs, Esq.

16771755.1

Atlanta ▪ Austin ▪ Berlin (Germany) ▪ Birmingham ▪ Boston ▪ Charleston ▪ Charlotte ▪ Chicago ▪ Cleveland ▪ Columbia ▪ Dallas ▪ Denver
Detroit Metro ▪ Greenville ▪ Houston ▪ Indianapolis ▪ Jackson ▪ Kansas City ▪ Las Vegas ▪ London (England) ▪ Los Angeles ▪ Memphis
Miami ▪ Minneapolis ▪ Morristown ▪ Nashville ▪ New Orleans ▪ New York City ▪ Orange County ▪ Philadelphia ▪ Phoenix ▪ Pittsburgh
Portland ▪ Raleigh ▪ Richmond ▪ St. Louis ▪ St. Thomas ▪ San Antonio ▪ San Diego ▪ San Francisco ▪ Stamford ▪ Tampa ▪ Torrance ▪ Tucson ▪ Washington

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
District of Connecticut

| | |
|---|---|
| Frank Addona | ) |
| _Plaintiff_ | ) |
| v. | )    Civil Action No.   3:13-cv-01616 |
| Parker Hannifin Corporation | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Marlin Firearms; c/o CT  Corporation System; One Corporate Center; Hartford, CT  06103-3220

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See Exhibit A.

| Place: Ogletree, Deakins, Nash, Smoak & Stewart, P.C.<br>127 Public Square, Suite 4130<br>Cleveland, OH  44114 | Date and Time:<br><br>01/17/2014 10:00 am |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   01/02/2014

_CLERK OF COURT_

                          OR

_____        _____
   _Signature of Clerk or Deputy Clerk_            _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_   Parker Hannifin Corporation _____ , who issues or requests this subpoena, are:
Amanda T. Quan, Ogletree, Deakins, Nash, Smoak & Stewart, P.C.; 127 Public Square, Suite 4130
Cleveland, OH  44114 (amanda.quan@ogletreedeakins.com) 216.241.6100

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:13-cv-01616

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

<u>EXHIBIT A</u>

Please produce the following regarding:

Frank Addona
Date of Birth: ███████
SSN: xxx-xx-5016

The following records pertaining to Frank Addona's employment and resignation or separation from employment:

- disciplinary records;

- records indicating last rate of pay;

- date of hire;

- date employment ended and reason for leaving (i.e. termination, voluntary, involuntary, etc.), including any letters or notices of resignation or termination.

16766580.1

# Ogletree Deakins

**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**

*Attorneys at Law*

127 Public Square
4130 Key Tower
Cleveland, OH 44114
Telephone: 216.241.6100
Facsimile: 216.357.4733
www.ogletreedeakins.com

Amanda T. Quan
216.274.6905
amanda.quan@ogletreedeakins.com

January 2, 2014

**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

O.F. Mossberg and Sons, Inc.
7 Grafo Avenue
North Haven, CT  06473

> RE:  *Frank Addona v. Parker Hannifin Corporation*
> United States District Court for the District of Connecticut
> Case No. 3:13-cv-01616

Dear Sir or Madam:

   Please disregard the subpoena issued under our cover letter dated December 18, 2013. We are withdrawing that subpoena.  Instead, please respond to the enclosed subpoena for limited records relating to Plaintiff Frank Addona (believed to be a former employee of O.F. Mossberg and Sons, Inc.).  We will cover any copy charges that you may incur in copying the records requested in the subpoena.  Please send an invoice along with the requested records to my attention at the above-listed address.

   Should you have any questions, please do not hesitate to contact me at (216) 274-6905.

   Very truly yours,

   Amanda T. Quan

ATQ:vls
Enclosure

cc:   Jeffrey Sachs, Esq.

16767959.1

Atlanta  ▪  Austin  ▪  Berlin  (Germany)  ▪  Birmingham  ▪  Boston  ▪  Charleston  ▪  Charlotte  ▪  Chicago  ▪  Cleveland  ▪  Columbia  ▪  Dallas  ▪  Denver
Detroit  Metro  ▪  Greenville  ▪  Houston  ▪  Indianapolis  ▪  Jackson  ▪  Kansas  City  ▪  Las  Vegas  ▪  London  (England)  ▪  Los  Angeles  ▪  Memphis
Miami  ▪  Minneapolis  ▪  Morristown  ▪  Nashville  ▪  New  Orleans  ▪  New  York  City  ▪  Orange  County  ▪  Philadelphia  ▪  Phoenix  ▪  Pittsburgh
Portland  ▪  Raleigh  ▪  Richmond  ▪  St.  Louis  ▪  St.  Thomas  ▪  San  Antonio  ▪  San  Diego  ▪  San  Francisco  ▪  Stamford  ▪  Tampa  ▪  Torrance  ▪  Tucson  ▪  Washington

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Connecticut

Frank Addona

*Plaintiff*

v.

Parker Hannifin Corporation

*Defendant*

)
)
)
)
)
)

Civil Action No.   3:13-cv-01616

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      O.F. Mossberg and Sons, Inc., 7 Grafo Avenue
          North Haven, CT  06473

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
          See Exhibit A.

| Place: Ogletree, Deakins, Nash, Smoak & Stewart, P.C. 127 Public Square, Suite 4130 Cleveland, OH  44114 | Date and Time: 01/17/2014 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    01/02/2014

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Parker Hannifin Corporation                                          , who issues or requests this subpoena, are:
Amanda T. Quan, Ogletree, Deakins, Nash, Smoak & Stewart, P.C.; 127 Public Square, Suite 4130
Cleveland, OH  44114 (amanda.quan@ogletreedeakins.com) 216.241.6100

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  3:13-cv-01616

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

    I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

    ☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

    ☐ I returned the subpoena unexecuted because: _____

_____

    Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

    $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00  .

    I declare under penalty of perjury that this information is true.

Date: _____

                                 _____
                                           *Server's signature*

                               _____
                                        *Printed name and title*

                               _____
                                        *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

<u>EXHIBIT A</u>

Please produce the following regarding:

Frank Addona
Date of Birth: ███████
SSN: xxx-xx-5016

The following records pertaining to Frank Addona's employment and resignation or separation from employment:

- disciplinary records;

- records indicating last rate of pay;

- date of hire;

- date employment ended and reason for leaving (i.e. termination, voluntary, involuntary, etc.), including any letters or notices of resignation or termination.

16766580.1

# Ogletree
# Deakins

**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**

*Attorneys at Law*

127 Public Square
4130 Key Tower
Cleveland, OH 44114
Telephone: 216.241.6100
Facsimile: 216.357.4733
www.ogletreedeakins.com

Amanda T. Quan
216.274.6905
amanda.quan@ogletreedeakins.com

January 2, 2014

## VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED

Sargent Manufacturing
100 Sargent Drive
P.O. Box 9725
New Haven, CT  06536-0915

RE:   *Frank Addona v. Parker Hannifin Corporation*
        United States District Court for the District of Connecticut
        Case No. 3:13-cv-01616

Dear Sir or Madam:

Please disregard the subpoena issued under our cover letter dated December 18, 2013. We are withdrawing that subpoena. Instead, please respond to the enclosed subpoena for limited records relating to Plaintiff Frank Addona (believed to be a former employee of Sargent Manufacturing). We will cover any copy charges that you may incur in copying the records requested in the subpoena. Please send an invoice along with the requested records to my attention at the above-listed address.

Should you have any questions, please do not hesitate to contact me at (216) 274-6905.

Very truly yours,

Amanda T. Quan

ATQ:vls
Enclosure

cc:   Jeffrey Sachs, Esq.

16768351.1

Atlanta ▪ Austin ▪ Berlin (Germany) ▪ Birmingham ▪ Boston ▪ Charleston ▪ Charlotte ▪ Chicago ▪ Cleveland ▪ Columbia ▪ Dallas ▪ Denver
Detroit Metro ▪ Greenville ▪ Houston ▪ Indianapolis ▪ Jackson ▪ Kansas City ▪ Las Vegas ▪ London (England) ▪ Los Angeles ▪ Memphis
Miami ▪ Minneapolis ▪ Morristown ▪ Nashville ▪ New Orleans ▪ New York City ▪ Orange County ▪ Philadelphia ▪ Phoenix ▪ Pittsburgh
Portland ▪ Raleigh ▪ Richmond ▪ St. Louis ▪ St. Thomas ▪ San Antonio ▪ San Diego ▪ San Francisco ▪ Stamford ▪ Tampa ▪ Torrance ▪ Tucson ▪ Washington

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
District of Connecticut

| | |
|---|---|
| Frank Addona | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   3:13-cv-01616 |
| Parker Hannifin Corporation | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    Sargent Manufacturing; 100 Sargent Drive; PO Box 9725
New Haven, CT  06536-0915

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A.

| Place: Ogletree, Deakins, Nash, Smoak & Stewart, P.C.<br>127 Public Square, Suite 4130<br>Cleveland, OH  44114 | Date and Time:<br><br>01/17/2014 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  01/02/2014

     *CLERK OF COURT*

                                     OR

       *Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Parker Hannifin
Corporation                                        , who issues or requests this subpoena, are:
  Amanda T. Quan, Ogletree, Deakins, Nash, Smoak & Stewart, P.C.; 127 Public Square, Suite 4130
  Cleveland, OH  44114 (amanda.quan@ogletreedeakins.com) 216.241.6100

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:13-cv-01616

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                         *Server's signature*

                                   _____
                                         *Printed name and title*

                                   _____
                                         *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

Please produce the following regarding:

Frank Addona
Date of Birth: ███████
SSN: xxx-xx-5016

The following records pertaining to Frank Addona's employment and resignation or separation from employment:

- disciplinary records;

- records indicating last rate of pay;

- date of hire;

- date employment ended and reason for leaving (i.e. termination, voluntary, involuntary, etc.), including any letters or notices of resignation or termination.

16766580.1