```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

FRANK ADDONA,                    :
                                 :
        Plaintiff,               :
                                 :
        v.                       :    CASE NO.  3:13cv1616(RNC)
                                 :
PARKER HANNIFIN CORPORATION,     :
                                 :
        Defendant.               :
```

<u>ORDER</u>

The plaintiff brings this diversity action against his former employer, alleging, <u>inter alia</u>, state law claims of wrongful termination.  Pending before the court is the plaintiff's motion to quash. (Doc. #29.)

In January 2014, the defendant issued subpoenas duces tecum to three of the plaintiff's former employers.  The subpoenas seek the plaintiff's disciplinary records and reason for leaving.[1]  The plaintiff moves to quash the subpoenas, arguing that the document requests are overbroad, seek irrelevant information and are not reasonably calculated to lead to the discovery of admissible evidence.

In opposition, the defendant first claims that the plaintiff's motion should be denied because the plaintiff lacks standing to move to quash the subpoenas.  The defendant did not press this argument during oral argument and in any event, it is unavailing.

---

[1]The subpoena also seeks the plaintiff's date of hire, date of termination and last hourly wage.  Plaintiff stated in open court that he does not object to that information.

See Lev v. South Nassau Communities Hosp., No. CV 10-5435(JS)(ARL), 2011 WL 3652282, at *1 (E.D.N.Y. Aug. 18, 2011)(plaintiff has standing to challenge a subpoena directed at his former employers); Warnke v. CVS Corp., 265 F.R.D. 64, 66 (E.D.N.Y. 2010) ("plaintiff has a legitimate privacy interest in information regarding his subsequent employment and therefore has standing to bring the instant motion [to quash]"); Mirkin v. Winston Resources, LLC, No 07 CIV 02734, 2008 WL 4861840, at *1 (S.D.N.Y. Feb. 24, 2008) (same); Chamberlain v. Farmington Savings Bank, No. 3:06CV1437(CFD)(TPS), 2007 WL 2786421, at *1 (D. Conn. Sept. 25, 2007) ("The plaintiff clearly has a personal right with respect to the information contained in his employment records.").

The defendant next argues that the motion should be denied because the plaintiff "has not established any of the four reasons a court may quash a subpoena under Rule 45."[2] (Doc. #32 at 5.) This argument also is unavailing.  The plaintiff properly challenges the subpoenas on the grounds of relevance.  "Any subpoena that is issued to non-parties pursuant to Rule 45 is

---

[2]Fed. R. Civ. P. 45(c)(3)(A) provides:
(A)  When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i)   fails to allow a reasonable time to comply;
    (ii)  requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv)  subjects a person to undue burden.

'subject to Rule 26(b)(1)'s overriding relevance requirement.'" Ireh v. Nassau University Medical Center, No. CV 06-09(LDW)(AKT), 2008 WL 4283344, at *5 (E.D.N.Y. Sept. 17, 2008). See During v. City Univ. of N.Y., No. 05 Civ. 6992, 2006 WL 2192843, at *2 (S.D.N.Y. Aug. 1, 2006)(same). "It is well-settled that the scope of discovery under a Rule 45 subpoena is the same as that permitted under Rule 26." Chamberlain v. Farmington Sav. Bank, No. 3:06CV01437 (CFD)(TPS), 2007 WL 2786421, at *1 (D. Conn. Sept. 25, 2007). "Although Rule 45(c) sets forth additional grounds on which a subpoena against a third party may be quashed . . . those factors are co-extensive with the general rules governing all discovery that are set forth in Rule 26." Cook v. Howard, 484 Fed. Appx. 805, 812 (4th Cir. Aug. 24, 2012). See, e.g., Singletary v. Sterling Transport Co., Inc., 289 F.R.D. 237, 241 (E.D. Va. 2012)("[T]he court must review Defendant's subpoenas under the relevancy standards set forth in Rule 26(b)"); In re Flag Telecom Holdings, Ltd. Securities Litigation, No. 02 Civ. 3400 WCC, 2006 WL 2642192, at *2 (S.D.N.Y. Sept. 13, 2006)(granting plaintiff's motion to quash subpoenas where the court "determined that the[] documents are not likely to lead to the discovery of relevant evidence").

The defendant's principal contention is that the motion should be denied because the information sought is relevant to its "potential after-acquired evidence defense." (Doc. #32 at 6.)

3

"The after-acquired evidence defense recognized by the Supreme Court in <u>McKennon v. Nashville Banner Publishing Co.</u>, 513 U.S. 352, 115 S.Ct. 879 (1995), provides that an employee's relief can be limited by evidence of wrong-doing discovered after his or her termination that would have provided a legitimate basis for such termination." <u>Chamberlain v. Farmington Sav. Bank</u>, No. 3:06CV01437 (CFD)(TPS), 2007 WL 2786421, at *1 (D. Conn. Sept. 25, 2007).

The defendant asserts that "it reasonably believes plaintiff misrepresented his 'reason for leaving' prior employment." (Doc. #32 at 7.) In support, the defendant points to the plaintiff's job application. On the application, the plaintiff listed his prior three employers in chronological order. As to the third and least recent employer, the plaintiff wrote that he had been employed for 24 years and left in February 2009 to "seek other opportunities." He then took a job two months later with an hourly wage that was about half of his prior hourly wage. According to the defendant, the "plaintiff's acceptance of such a drastic pay reduction and the 2 month break in employment despite his explanation that he left his prior employment 'to seek other opportunities' is a sufficient basis for believing that after-acquired evidence may be revealed." (Doc. #32 at 7.)

The Supreme Court in <u>McKennon</u> "cautioned against the potential for abuse of the discovery process by employers seeking to limit their liability through an after-acquired evidence defense, noting

4

the ability of courts to curb such abuses through the Federal Rules of Civil Procedure." Chamberlain v. Farmington Sav. Bank, 2007 WL 2786421, at *1 (citing to McKennon, 513 U.S. at 363).  The Court stated: "The concern that employers might as a routine matter undertake extensive discovery into an employee's background or performance on the job to resist claims under the Act is not an insubstantial one, but we think the authority of the courts . . . to invoke the appropriate provisions of the Federal Rules of Civil Procedure will deter most abuses." McKennon, 513 U.S. at 363. "Several lower courts have relied on McKennon in holding that the after-acquired evidence defense cannot be used to pursue discovery in the absence of some basis for believing that after-acquired evidence of wrong-doing will be revealed."  Chamberlain v. Farmington Sav. Bank, 2007 WL 2786421, at *2 (citing cases).

In Chamberlain, the plaintiff moved to quash the defendant's subpoena seeking the plaintiff's personnel file from his former employers.  The defendant maintained that the requested information was relevant to an after-acquired evidence defense.  The court granted the plaintiff's motion, saying that "the defendant has not presented any evidence to suggest that the plaintiff may have misrepresented information to the defendant which would have provided legitimate grounds for his termination. For example, the defendant has not pointed to any statements made by the plaintiff during his deposition or in response to interrogatories indicating

that he may not have fully disclosed information to the defendant regarding his prior employment." 2007 WL 2786421, at *3. Similarly, on the present record, the defendant's perceived incongruity concerning a prior employer[3] listed on the plaintiff's job application falls short of a sufficient basis to warrant discovery of the plaintiff's prior employment records. See Lev v. South Nassau Communities Hosp., No. CV 10-5435(JS)(ARL), 2011 WL 3652282, at *1 (E.D.N.Y. Aug. 18, 2011) (citing Chamberlain and granting motion to quash subpoena of plaintiff's former employment records where defendant failed to provide sufficient evidence of prior wrongdoing to warrant such an intrusion).

For these reasons, the plaintiff's motion to quash (doc. #29) is granted as to the plaintiff's disciplinary records and reason for leaving and denied as to his date of hire, date of termination and last hourly wage.

SO ORDERED at Hartford, Connecticut this 25th day of February, 2014.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge

---

[3]As previously stated, the employer at issue was not the plaintiff's most recent employer. Rather, it was the earliest of the plaintiff's prior three employers. The defendant not only seeks records from the employer at issue but from the plaintiff's two subsequent employers.